IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CENTENNIAL BANK,

    Plaintiff,

vs.                                            CASE NO.

DOUGLAS BROWN a/k/a
DOUGLAS W. BROWN;
and BETINA BROWN,

    Defendants.

## COMPLAINT

Plaintiff, CENTENNIAL BANK, an Arkansas banking corporation, by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1332, sues Defendants, DOUGLAS BROWN a/k/a DOUGLAS W. BROWN and BETINA BROWN and alleges:

1.    This is an action brought under 28 U.S.C. § 1332 to foreclose a mortgage lien against real property located in Franklin County, Florida and more particularly described in **Exhibit A** attached hereto and incorporated herein by reference, in which the amount in controversy exceeds $75,000.00 exclusive of interest, attorneys' fees and the costs of this action.

2.    Plaintiff, Centennial Bank, successor in interest to Wakulla Bank by asset acquisition from the FDIC as receiver for Gulf State Community Bank ("Gulf State"), is an Arkansas banking corporation, formed under the laws of the state of Arkansas with its principal place of business in Conway, Arkansas.

{A1012628.DOC }

3. Defendant, Douglas Brown a/k/a Douglas W. Brown (hereafter "Douglas Brown") is a citizen of the State of Florida.

4. Defendant, Betina Brown is a citizen of the State of Florida.

5. Defendants, Douglas Brown and Betina Brown, at all relevant times from July 9, 2004 to the present have been continuously married to one another.

6. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(a)(1)-(2) because each Defendant resides in said district and the property which is the subject of this action is located in said district. Venue is proper, and this action is properly filed, in the Tallahassee Division under Northern District of Florida Local Rule 3.1(A)(3) because the entirety of the property that is the subject of the action is situated in the Tallahassee Division.

7. On July 9, 2004, Douglas Brown and Betina Brown acquired certain real property by deed recorded in the Official Records Book 799 at Page 650 of the public records of Franklin County, Florida. The real property was subject to the life estate in favor of Patricia Brown as noted on the face of the deed by reference to the Special Warranty Deed recorded in the Official Records Book 707 at Page 580 of the public records of Franklin County, Florida and by reference to the title affidavit recorded in the Official Records Book 858 at Page 248 of the public records of Franklin County, Florida, all of which are attached hereto as **Composite Exhibit 1**.

8. On June 13, 2005, Douglas Brown and Betina Brown executed and delivered a promissory note to Gulf State in the principal amount of $125,000.00. A true and correct copy of which is attached hereto as **Exhibit 2**.

{A1012628.DOC }

9. To secure repayment of Exhibit 2, Douglas Brown, Betina Brown and Patricia Brown executed and delivered a Real Estate Mortgage to Gulf State. The Mortgage is recorded at Official Record Book 858, page 250 of the public records of Franklin County, Florida, and a copy is attached as **Exhibit 3**.

10. On May 11, 2006, Douglas Brown and Betina Brown executed and delivered a renewal promissory note to Gulf State in the principal amount of $152,332.07, as there was an additional advance. A copy is attached hereto as **Exhibit 4**.

11. Also, on May 11, 2006, Douglas Brown, Betina Brown and Patricia Brown entered into a Mortgage Modification Agreement reflecting the increased indebtedness. Such agreement is recorded at Official Record Book 899, page 336 of the public records of Franklin County, Florida, a copy of which is attached hereto as **Exhibit 5**.

12. On July 2, 2006, Douglas Brown, Betina Brown and Patricia Brown entered into a Mortgage Modification Agreement reflecting an increased indebtedness. Such agreement is recorded at Official Record Book 909, page 342 of the public records of Franklin County, Florida, a copy of which is attached hereto as **Exhibit 6**.

13. On August 2, 2006, Douglas Brown and Betina Brown executed and delivered a renewal promissory note to Gulf State in the principal amount of $162,540.30, as there was an additional advance. A copy is attached hereto as **Exhibit 7**.

14. On June 17, 2009, Patricia Brown died as reflected in the Florida Death Certificate attached hereto as **Exhibit 8**. As a result, neither Patricia Brown nor her estate has any interest in the property subject to be foreclosed.

{A1012628.DOC }

15. On November 19, 2010, Gulf State failed. The Federal Deposit Insurance Corporation ("FDIC") was appointed by the State of Florida, Office of Financial Regulation, to liquidate and distribute the assets of Gulf State. On January 13, 2011 the FDIC, by virtue of its appointment as receiver, assigned all right, title and interest in and to the Note, all renewals and the Mortgage described above. This Assignment was deemed effective November 19, 2010. A copy of the Assignment of Security Instruments and Other Loan Documents was recorded in the Official Records Book 1028 at Page 24 of the public records of Franklin County, Florida. (**Exhibit 9**).

16. Centennial Bank is the current owner and holder of Exhibits 1 through 9.

17. Douglas Brown and Betina Brown own and maintain possession of the mortgaged property described in Exhibit A.

18. Douglas Brown and Betina Brown defaulted pursuant to the terms of the Renewal Note (Exhibit 7), by failing to make payments when due on April 7, 2011 and all subsequent payments.

19. Centennial Bank previously accelerated all amounts due.

20. Centennial Bank is owed $143,891.61 in principal, together with interest pursuant to the terms of the Exhibit 7 plus any costs incurred in connection with repairing and securing the mortgage property, plus any amounts advanced for ad valorem taxes or insurance on the subject property, and title search expenses for ascertaining the necessary parties to this action.

21. Nevertheless, Douglas Brown and Betina Brown filed a petition in bankruptcy and received a discharge August 23, 2011 as reflected in U.S. Bankruptcy Court, N.D. Florida, Case No. 11-40416-LMK. The Schedule A – Real Property filed

{A1012628.DOC }

May 24, 2011 in the bankruptcy identified the mortgaged property as having a current value of $100,000.00, and Franklin County Property Appraiser identified the mortgaged property as having a just and assessed value of $79,055.00.

22. As a result of the discharge, Centennial Bank's remedy is confined to *in rem* relief against the subject property. Centennial Bank has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services. The mortgage lien is subject to inclusion of the reasonable attorneys' fees in pursuit of this action, pursuant to the terms and conditions of applicable exhibits attached hereto.

23. All conditions precedent to the bringing of this action have occurred or have been otherwise met.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment foreclosing its mortgage and security interest lien as calculated from the amounts due including pre-judgment interest, attorneys' fees, and the costs of this action.

Dated this 17th day of February 2012.

/s/ Stephen Pitre
**STEPHEN A. PITRE**
Florida Bar No. 150400
spitre@cphlaw.com
Clark, Partington, Hart, Larry,
 Bond & Stackhouse
125 W. Romana St., Ste. 800
Pensacola, Florida 32502
Tel: (850) 434-9200; Fax: (850) 432-7340
Attorneys for Centennial Bank

{A1012628.DOC }